# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 20, 2026

Lyle W. Cayce
Clerk

No. 25-50470
Summary Calendar

———————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Angel Jesus Ramirez-Olvera,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:24-CR-2717-1

———————————————————————

Before Richman, Southwick, and Willett, *Circuit Judges*.

Per Curiam:[*]

Angel Jesus Ramirez-Olvera pled guilty to transporting illegal aliens, and the district court sentenced him above the guidelines range to 54 months of imprisonment. On appeal, Ramirez-Olvera asserts that the district court erred by determining that he did not qualify for a minor-role adjustment

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

pursuant to U.S.S.G. § 3B1.2 and that his sentence is substantively unreasonable on several grounds.

We review the factual determination under Section 3B1.2 for clear error. *See United States v. Sanchez-Villarreal*, 857 F.3d 714, 721 (5th Cir. 2017). Ramirez-Olvera presented no evidence of any other participants in his alien transportation offense or, if there were any, their respective roles in the offense. Thus, he has shown no clear error in the denial of the adjustment, notwithstanding the district court's purportedly improper conclusion that he played a critical role. *See* U.S.S.G. § 3B1.2, comment n.2.

Regarding Ramirez-Olvera's challenge to the substantive reasonableness of his above-guidelines sentence, the district court implicitly considered the mitigating factors presented by Ramirez-Olvera but determined that an above-guidelines sentence was warranted based, in part, on his violent criminal history, which was a permissible factor. *See United States v. Smith*, 440 F.3d 704, 709 (5th Cir. 2006). His contention that the sentence results in an unwarranted disparity is also unavailing. *See United States v. Waguespack*, 935 F.3d 322, 337 (5th Cir. 2019). Finally, the extent of the variance was within the range of other upward variances that we have affirmed. *See, e.g.*, *United States v. Key*, 599 F.3d 469, 475–76 (5th Cir. 2010); *United States v. Brantley*, 537 F.3d 347, 348–50 (5th Cir. 2008).

Ramirez-Olvera has not shown the sentence was substantively unreasonable.

AFFIRMED.